SECOND INJURY TRUST FUND and Alonzo Rooney *v.* WHITE CONSOLIDATED and Continental Loss Adjusting

93-1311                                            875 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered May 9, 1994

*David L. Pake*, for appellants.

*Laser, Sharp, Mayes, Wilson, Bufford & Watts, P.A.*, by: *Ralph R. Wilson*, for appellees.

DAVID NEWBERN, Justice. The Arkansas Second Injury Trust Fund petitions for review of a Court of Appeals decision which reversed a ruling of the Arkansas Workers' Compensation Commission. The facts of the case are discussed at length in the Court of Appeals opinion and need not be repeated. *See White Consolidated* v. *Rooney*, 44 Ark. App. 78, 866 S.W.2d 838 (1993). The sole issue for review is whether the Second Injury Fund becomes liable for a portion of a worker's total disability if the previous injury was one which did not result in lost earning capacity when it occurred.

The controlling statute is Ark. Code Ann. § 11-9-525(b)(5) (1987) which states, in part: "If the previous disability or impairment, whether from compensable injury or otherwise, and the last injury together result in permanent total disability, the employer at the time of the last injury shall be liable only for the actual anatomical impairment resulting from the last injury considered alone and of itself."

The Second Injury Fund contends the term "impairment" means a condition which did not result in wage loss. In *Second Injury Trust Fund* v. *POM, Inc., et al.*, No. 93-1327 (May 2, 1994), we held that "impairment" is not limited to a condition resulting from a previous injury which caused wage loss, and thus the Second Injury Fund may be liable when permanent total disability results from a second injury to one who suffered "impairment" from a previous injury which did not result in wage loss. Having already decided the issue presented for review, we affirm the Court of Appeals decision.

Affirmed.